UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MARGARET JEAN SMITH,

    Plaintiff,

v.                                                          CIVIL ACTION NO. 5:25-cv-00220

STATE OF WEST VIRGINIA HOMELAND SECURITY,
*et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Margaret Jean Smith's Application to Proceed Without Prepayment of Fees and Costs [ECF 1] and Complaint [ECF 2], both filed April 3, 2025.

### I.

This action, which consists of similar claims as Civil Action Nos. 5:21-cv-00677, 5:22-cv-00154, 5:22-cv-00310, 5:24-cv-00015, 5:24-cv-00674, and 5:24-cv-00675, was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R").

On April 8, 2025, Magistrate Judge Aboulhosn entered an Order to Show Cause, directing Ms. Smith to explain why a prefiling injunction should not issue enjoining her "from instituting new filings alleging that the State of West Virginia Homeland Security, Senator Jim Justice, and Jeff Sandy have defrauded her from some settlement with OIG, conspired against her with the West Virginia State Police, and otherwise violated her civil and human rights." [ECF 7 at 2]. Ms. Smith responded on April 21, 2025, contending that a change in circumstance exists in the

instant case because Jim Justice is now a senator rather than the Governor of West Virginia. [ECF 9 at 1]. She also claims that new evidence has been uncovered, though she fails to specify what that evidence is and how it would affect the merits of her case. [*Id.* at 3].

On April 29, 2025, Magistrate Judge Aboulhosn filed his PF&R [ECF 10]. He finds that exigent circumstances exist to limit Ms. Smith's access to the courts, based upon her "continuous and [repetitive] abuse of the judicial process" and indications that "she fully intends to continue her pursuit of [her] frivolous claims." [*Id.* at 5]. Accordingly, Magistrate Judge Aboulhosn recommends as follows:

> [T]hat the [Court] issue a pre-filing injunction to enjoin [Ms. Smith] from instituting new filings wherein she alleges that Government officials, both State and Federal, as well as various Government agencies concerning the various allegations: (1) a vast conspiracy to deprive the Plaintiff of some settlement with OIG Homeland Security, other criminal investigation from which the Plaintiff was owed money, patent or royalty monies, and other unidentified and unspecific compensation sources; (2) broad-based, unspecific claims of violations of the Plaintiff's civil and human rights by invading her privacy due to tracking devices being placed on her phone and vehicle, in her teeth/body and home; (3) preventing the Plaintiff from obtaining counsel and from filing civil actions; and (4) stealing the Plaintiff's flat screen TV designs.

[*Id.* at 5–6]. Magistrate Judge Aboulhosn further recommends that the Court remove this matter from the Court's docket. [*Id.* at 6].

## II.

### A.    *Proposed Findings and Recommendations*

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection"); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for this objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023).

**B.** ***Prefiling Injunction***

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N.A., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see Green v. Warden, United States Penitentiary*, 699 F.2d 364. 367-68 (7th Cir. 1983). "Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." *Id.* (citation omitted); *see Adkins v. Whole Foods Mkt. Grp., Inc.*, 795 F. App'x 217, 217 (4th Cir. 2020). "Thus, a judge should not in any way limit a litigant's access to the courts absent 'exigent

circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Id.* at 817–18 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). Notably, "'use of such measures against a *pro se* plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the court.'" *Id.* (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

The United States Court of Appeals for the Fourth Circuit has determined district courts should weigh the following four factors when considering the implementation of a prefiling injunction against a *pro se* litigant:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818; *Adkins*, 795 F. App'x at 217-18; *see Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d. Cir. 1986). If a district court determines an injunction is appropriate, the injunction should be "narrowly tailored to fit the specific circumstances at issue," and must "afford a litigant notice and an opportunity to be heard." *Id.* at 818–19; *Adkins*, 795 F. App'x at 218 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990); *Allen v. United States*, 88 F.4th 983, 988 (Fed. Cir. 2023) (citations omitted) ("Several other circuits . . . have concluded that a litigant is entitled to notice and an opportunity to be heard before being subjected to an anti-filing injunction.").

### III.

On May 9, 2025, Ms. Smith timely filed her three objections to Magistrate Judge Aboulhosn's PF&R. [ECF 11].

### A.     Objection One

First, Ms. Smith objects to the imposition of a prefiling injunction as a sanction for her duplicitous filings, alleging bias on behalf of Magistrate Judge Aboulhosn. [*See* ECF 11 at 1]. On April 3, 2025, Ms. Smith moved to transfer her case to a different Magistrate Judge, though she provided no reasoning for her request. [ECF 4]. Approximately two weeks later, Ms. Smith withdrew that motion. [ECF 8]. Ms. Smith now contends that Magistrate Judge Aboulhosn "is holding the original recusal motion against [her] even after [she] tried to withdraw it." [ECF 11 at 2].

To the extent that Ms. Smith alleges that Magistrate Judge Aboulhosn's recommendation for a prefiling injunction arises from animus following her filing of a recusal motion, the Court finds the argument without merit. On January 31, 2025, the Court expressly cautioned Ms. Smith of the possible imposition of a prefiling injunction should she continue to file "repetitive, duplicative, and frivolous lawsuits." *See* Civil Action No. 5:24-cv-675, ECF 10 at 2; Civil Action No. 5:24-cv-674, ECF 11 at 2. The Court, therefore, provided sufficient notice of the possibility of sanctions to Ms. Smith, as well as an opportunity to be heard on the issue. *See Cromer*, 390 F.3d at 819. The Court Accordingly, the Court **OVERRULES** this objection.

### B.     Objection Two

Ms. Smith next asserts that her conduct is insufficient to meet the requisite legal standard for a prefiling injunction. However, Ms. Smith's filing history, consisting of seven duplicitous and meritless cases since 2021, clearly warrants the relief. *See* Civil Action Nos. 5:21-cv-00677, 5:22-cv-00154, 5:22-cv-00310, 5:24-cv-00015, 5:24-cv-00674, and 5:24-cv-00675. Each case contains duplicative allegations against various federal agencies, including the

Defendants in the instant case, and each was dismissed by the Court for failure to state a claim for which relief can be granted. Further, Ms. Smith provides no indication that she will refrain from continuing to allege the same claims in the future. [ECF 9 at 3]. Thus, the first *Cromer* factor is satisfied and weighs in favor of the imposition of a prefiling injunction.

The second *Cromer* factor -- "whether the party had a good faith basis . . . or simply intended to harass" -- is also satisfied. Ms. Smith purports her claims "were made in good faith" and any errors were a result of her status as a *pro se* litigant. [ECF 11 at 3]. Although the Court acknowledges the challenges of proceeding *pro se*, Ms. Smith has been warned on multiple occasions of the potential for sanctions should she pursue further nonmeritorious, duplicitous suits. Despite these warnings and the dismissal of prior suits for failure to state a claim, Ms. Smith continues to litigate similar claims against similar defendants, without the provision of additional specificity or evidence, to the same result. Thus, the second *Cromer* factor weighs in favor of the imposition of a prefiling injunction.

The third *Cromer* factor -- the extent of the burden on the courts -- is likewise satisfied. Ms. Smith has filed seven civil actions that address the same or similar events, all of which lacked merit. Further, Ms. Smith has demonstrated a failure comply with the Court's Orders. Ms. Smith instead chooses to relitigate the same claims, seemingly seeking a different outcome for the same claims by raising unsubstantiated allegations of judicial bias. Seeking the recusal of a judicial officer due to an unfavorable outcome in a prior case strikes at the heart of an independent and impartial judicary. Further, filing motions "in an attempt to move [the] case forward," is a burdensome strategy, especially when the underlying claims have repeatedly been deemed meritless. The third *Cromer* factor, therefore, weighs in favor of the imposition of a prefiling injunction.

Fourth, there are no adequate, alternative sanctions. Dismissal alone is insufficient, as dismissal of Ms. Smith's prior suits has not limited or led to substantially distinct filings. *See* U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing for dismissal of cases proceeding *in forma pauperis* if "the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"). A fine imposed for civil contempt is an inadequate sanction, as Ms. Smith typically files *in forma pauperis* applications professing a lack of funds. *See* [ECF 1]; *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (internal citation omitted) (noting "remedy for civil contempt is within the court's broad discretion . . . [but may] include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees."). Although a fine imposed for criminal contempt would be a similarly inadequate sanction for the reasons stated above, the Court finds Ms. Smith's offense does not rise to a level sufficient to warrant criminal sanction, absent the imposition of a civil sanction first to effectuate obedience with the Orders of the Court. *See* 18 U.S.C. § 401 (providing the court "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority"); *Cromer*, 390 F.3d at 821 (quoting *In re General Motors Corp.*, 61 F.3d at 258) (stating that a "court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy."). The imposition of a prefiling injunction is the only appropriate sanction to prevent further abuse of the federal judicial system. Thus, the fourth *Cromer* factor is satisfied.

The Court concludes all *Cromer* factors are satisfied and warrant the issuance of a prefiling injunction against Ms. Smith. Accordingly, the Court **OVERRULES** Ms. Smith's second objection.

### C.  *Objection Three*

Finally, the Court addresses Ms. Smith statement that she will be, "shut . . . out of court" should a prefiling injunction be imposed. [ECF 11 at 6]. Inasmuch as Ms. Smith's argument addresses access to the courts, the Court reiterates that a prefiling injunction does not prevent Ms. Smith from ever filing a civil case in federal or state courts. The Court has no jurisdiction to bar Ms. Smith from pursuing state court actions, and a prefiling injunction does not prevent the filing of *all* future federal claims by Ms. Smith. Rather it must be "narrowly tailored" to "address only filings in [the instant] or related actions." *Cromer*, 390 F.3d at 819. Accordingly, the Court **OVERRULES** this objection.

### IV.

Based upon the foregoing discussion, the Court **ORDERS** as follows:

1. Magistrate Judge Aboulhosn's PF&R [**ECF 10**] is **ADOPTED**;
2. Margaret Jean Smith's Application to Proceed Without Prepayment [**ECF 1**] is **DENIED**;
3. The Complaint [**ECF 2**] and this matter are **DISMISSED**;
4. Petitioner Margaret Jean Smith is hereby **ENJOINED** from filing any new civil action in the United States District Court for the Southern District of West Virginia concerning the following broad, unspecific conspiracy and civil rights claims against various Government officials and agencies, both State and Federal, unless Ms. Smith first obtains leave of Court through the procedure outlined in this Memorandum Opinion and Order, pays the filing fee in full, or obtains representation by an attorney duly licensed to practice law in the State of West Virginia and admitted before the Court:

(1) any alleged conspiracy to deprive the Plaintiff of some settlement with OIG Homeland Security, other criminal investigation from which the Plaintiff was owed money, patent or royalty monies, and other unidentified and unspecific compensation sources; (2) alleged violations of the Plaintiff's civil and human rights by invading her privacy due to tracking devices being placed on her phone and vehicle, in her teeth/body and home; (3) alleged acts to prevent the Plaintiff from obtaining counsel and from filing civil actions; and (4) the alleged theft of the Plaintiff's flat screen TV designs.

5. The Clerk is **DIRECTED** to present any new filings in Ms. Smith's existing cases to the presiding judicial officer for review prior to docketing. The Clerk is further **DIRECTED** to present any new Complaints or Petitions to initiate new civil actions to the Chief Judge or his designate for review prior to docketing. Absent prior approval, the Clerk shall be directed to lodge the new action or filing in a miscellaneous case to facilitate appellate review, but to otherwise do so without further action from the Court. Upon docketing in the miscellaneous case, the Clerk shall issue a notice documenting the date of filing and its noncompliance with this Injunction Order. Filings intended for open cases which do not receive prior approval shall be docketed in the miscellaneous case and noticed in the same manner, noting the associated case number for appellate review.

The Court **DIRECTS** the Clerk to send a copy of this Order to the *pro se* Plaintiff, counsel of record, and any unrepresented party.

ENTER:    July 14, 2025



Frank W. Volk
Chief United States District Judge